**AIRBORNE FREIGHT CORPORATION,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

Nos. 83–5033, 83–5130.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 24, 1984.

Decided Feb. 29, 1984.

James M. Walters, Fisher & Phillips, Roger K. Quillen, argued, Walter J. Kruger, III, Atlanta, Ga., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Mary Whisner, argued, N.L.R.B., Washington, D.C., for respondent.

Before ENGEL and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Airborne Freight Corporation petitions this court for review of an order of the National Labor Relations Board, 263 NLRB No. 181 (1982), requiring that Alvin Gordy, a fired employee, be (1) reinstated and (2) compensated for any losses resulting from what the Board found to be retaliation for protected conduct. The Board has filed a cross-application for enforcement of its order.

Gordy was hired by Airborne Freight in December, 1979, and was fired in September, 1980, allegedly for falsifying his timecard. Gordy filed a charge with the Board alleging that his discharge violated section 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3) (1976). He later amended his charge to allege a violation of section 8(a)(4) as well. 29 U.S.C. § 158(a)(4). Subsequently the Regional Director consolidated Gordy's case with another case in which Airborne Freight was charged with engaging in unfair labor practices. The administrative law judge (ALJ) found, *inter alia*, that Gordy had been discharged in retaliation for supporting the Union and for providing the NLRB with information during its investigation. This finding was affirmed by the Board.

Airborne Freight has appealed only that part of the Board's order relating to Gordy. First, it argues that the Board ignored uncontroverted evidence that the Company's consistent practice was to fire dishonest employees. Next, it contends that the Board erred in substituting its own subjective judgment for the Company's business judgment that Gordy's offense warranted his termination. Finally, the Company asserts that the General Counsel failed to make a prima facie showing that Gordy's protected conduct was a motivating factor in the discharge.

We agree with the Company that the Board incorrectly relied upon the ALJ's subjective assessments of whether the Company should have believed that Gordy had lied or should have fired him for dishonesty. Upon consideration of the record as a whole, we conclude that the uncontroverted evidence shows that, rightly or wrongly, Gordy's superiors believed that Gordy had deliberately falsified his timecard. Although it was arguably harsh to fire Gordy for this reason, his discharge was totally consistent with the Company's policy in the past. Indeed, Gordy's superior testified that he had expressly made this policy clear to Gordy at the time of Gordy's hiring. This testimony was not refuted later by Gordy when he was called to testify on rebuttal. Moreover, there was no evidence of leniency toward other employees accused of dishonesty from which it could be inferred that Gordy's protected conduct was a motivating factor in his discharge.

In such circumstances, the evidence leads only to the conclusion that Gordy would have been terminated absent his protected activities. Accordingly, the Company has met its burden under the allocation of the burden of proof set forth in *Wright Line, a Division of Wright Line, Inc.,* 251 NLRB 1083 (1980) and upheld in *NLRB v. Transportation Management Corp.,* —— U.S. ——, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).

Enforcement DENIED.